**SEND**

FILED
CLERK, U.S DISTRICT COURT

MAR 1 1 2002

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY STEWART, | Case No. EDCV 02-00177-VAP(SGLx) |
| Plaintiff, | STANDING ORDER |
| v. | |
| COUNTY OF RIVERSIDE, a public entity; et al., | |
| Defendant. | |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE
AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Judge Virginia A. Phillips.

The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well.  To secure the just, speedy, and inexpensive determination of every action, (Fed. R. Civ. P. 1), all counsel are hereby ordered to become familiar with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.*

ENTERED ON ICMS
MAR 1 2 2002

The Court further orders as follows:

1. **Service of the Complaint.** The Plaintiff shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.

2. **Proposed Orders.** Each party filing or opposing a motion or seeking the determination of any matter shall serve and file a proposed order which sets forth the relief or action sought and a brief statement of the rationale for the decision, including citation of authorities, that the party requests the Court to adopt.

3. **Presence of Lead Counsel.** The attorney attending any proceeding before this Court, including all scheduling and settlement conferences, must be the lead trial counsel. Failure to appear for any proceedings is a basis for sanctions.

4. **Motions.** Motions shall be filed and set for hearing in accordance with Local Rule 6-1. Motions will be heard on Mondays commencing at 10:00 a.m. If Monday is a national holiday, this Court does not hear motions on the succeeding Tuesday. Any motion noticed for a holiday shall automatically be set to the next Monday without further notice to the parties. Any opposition or reply papers due on a holiday are due the preceding Friday, not the following Tuesday. Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances, and for good

cause shown, will the Court agree to extend these page limitations. When citing to legal databases, wherever possible cite to Westlaw rather than Lexis.

Unless clearly justified under the circumstances of the case, "motions to dismiss or in the alternative for summary adjudication" are discouraged. These composite motions tend to blur the legitimate distinction[s] between the two motions, which have different purposes. Frequently, the composite motions introduce evidence that is extrinsic to the pleadings. On the one hand, such evidence is improper for consideration in a Fed. R. Civ. P. 12(b)(6) motion, while on the other hand, treatment of the motion as a Rule 56 motion frequently results in reasonable invocaton of Rule 56(f) by the non-moving party.

Moreover, Rule 12(b)(6) motions are discouraged unless counsel has a good faith belief that such motion will likely result in dismissal, without leave to amend, of all or at least some of the claims under applicable law.

No party may file more than one motion pursuant to F.R.C.P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication.

**5.  Discovery**.  All discovery matters have been referred to a United States Magistrate Judge (see initial designation following the case number) to hear all discovery disputes. The words "DISCOVERY MATTER" shall appear in the caption of all documents relating to discovery to insure proper routing. Counsel are directed to contact the Magistrate Judge Courtroom Deputy Clerk for the assigned Magistrate Judge to schedule matters for hearing.

cause shown, will the Court agree to extend these page limitations. When citing to legal databases, wherever possible cite to Westlaw rather than Lexis.

Unless clearly justified under the circumstances of the case, "motions to dismiss or in the alternative for summary adjudication" are discouraged. These composite motions tend to blur the legitimate distinction[s] between the two motions, which have different purposes. Frequently, the composite motions introduce evidence that is extrinsic to the pleadings. On the one hand, such evidence is improper for consideration in a Fed. R. Civ. P. 12(b)(6) motion, while on the other hand, treatment of the motion as a Rule 56 motion frequently results in reasonable invocaton of Rule 56(f) by the non-moving party.

Moreover, Rule 12(b)(6) motions are discouraged unless counsel has a good faith belief that such motion will likely result in dismissal, without leave to amend, of all or at least some of the claims under applicable law.

No party may file more than one motion pursuant to F.R.C.P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication.

**5.  Discovery**.  All discovery matters have been referred to a United States Magistrate Judge (see initial designation following the case number) to hear all discovery disputes. The words "DISCOVERY MATTER" shall appear in the caption of all documents relating to discovery to insure proper routing. Counsel are directed to contact the Magistrate Judge Courtroom Deputy Clerk for the assigned Magistrate Judge to schedule matters for hearing.

1     The decision of the Magistrate Judge shall be final, subject
2 to modification by the District Court only where it has been shown
3 that the Magistrate Judge's order is clearly erroneous or contrary
4 to law.

5     Any party may file and serve a motion for review and
6 reconsideration before this court. The party seeking review must
7 do so within ten (10) days of service upon the party of a written
8 ruling or within ten (10) days of an oral ruling that the
9 Magistrate Judge states will not be followed by a written ruling.
10 The motion must specify which portions of the text are clearly
11 erroneous or contrary to law and the claim must be supported by
12 points and authorities. A copy of the moving papers and responses
13 shall be delivered to the Magistrate Judge's clerk for review upon
14 the filing of the required documents.

16     6. **Ex Parte Applications.** *Ex parte* applications are
17 considered on the papers and are not usually set for hearing.
18 Counsel are advised that this Court allows *ex parte* applications
19 solely for extraordinary relief -- sanctions may be imposed for
20 misuse of *ex parte* applications. See In re Intermagnetics America,
21 Inc., 101 B.R. 191 (Bankr. C.D. Cal. 1989). Counsel also should
22 become familiar with Mission Power Engineering Co. v. Continental
23 Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995), regarding *ex parte*
24 applications.

25     Counsel's attention is directed to Local Rule 7-19. The
26 moving party shall serve the opposing party by facsimile
27 transmission and shall notify the opposition that opposing papers
28 must be filed not later than twenty-four hours following such

facsimile service. The moving party's declaration in support of an *ex parte* application shall show compliance with Local Rule 7-19 and this Order, failing which the application shall be DENIED. If counsel does not intend to oppose an *ex parte* application, they must so inform the Courtroom Deputy Clerk, Rachel Ingram, (909) 328-4461. As with all motion papers, counsel must deliver a conformed courtesy copy of the papers to the "Courtesy Box", located outside of Courtroom 2 on the 2nd floor at United States District Court, 3470 Twelfth Street, Riverside, California 92501. Counsel will be notified by the Courtroom Deputy Clerk of the Court's ruling or of a hearing time and date should the Court determine that a hearing is necessary.

7. **Stipulations.** Counsel requesting a continuance must submit a stipulation, with a detailed declaration of the basis for the requested continuance or extension of time, and a proposed order. Continuances will be granted only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied. Any continuances that are requested without an accompanying declaration will be rejected without notice to the parties. The Court sets **firm** trial dates and will not change them without a showing of good cause.

9. **Removed Actions.** Any answers filed in state court must be refiled in this Court as a supplement to the petition. Any pending motions must be re-noticed in accordance with Local Rule 6-1.

**10. Communications with Chambers.** Counsel shall not attempt to contact the Court or its staff by telephone or by any other *ex parte* means, although counsel may contact the Courtroom Deputy Clerk with appropriate inquiries. Counsel must list their facsimile transmission numbers along with their telephone numbers on their papers.

**11. Notice of this Order.** Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by noticed removal, the removing defendant shall serve this Order on all other parties.

**12. Courtesy Copies.** Counsel shall provide conformed courtesy copies of all motions, responses, and replies in motion matters to the "Courtesy Box", located outside of Courtroom 2 on the 2nd floor at United States District Court, 3470 Twelfth Street, Riverside, California 92501.

**13. Internet Site.** Counsel are encouraged to review the Central District's website for additional information. The address is "http://www.cacd.uscourts.gov".

Dated: March 8, 2002

*Virginia A. Phillips*

VIRGINIA A. PHILLIPS
United States District Judge

\* Copies of the Local Rules are available on our website at "http://www.cacd.uscourts.gov" or they may be purchased from one of the following:

    Los Angeles Daily Journal
    915 East 1st Street
    Los Angeles, California   90012

    West Publishing Company
    610 Opperman Drive
    Post Office Box 64526
    St. Paul, Minnesota   55164-0526

    Metropolitan News
    210 South Spring Street
    Los Angeles, California   90012